STAATS and Others *v.* BURKE.

STAATS
v.
BURKE.

Suit to set aside an assignment for the benefit of creditors, on the ground of fraud. The plaintiff averred the recovery of divers judgments against the assignors, and the assignment of the same to him. Neither the judgments, nor the assignments thereof, were made part of the complaint.

*Held,* that the complaint was bad, on demurrer.

It is erroneous for the Court, in an instruction to the jury, to assume that certain facts have been proved, instead of leaving the jury to determine as to what has been proved.

Where no issue is made as to the plaintiff's interest in the subject of the action, evidence tending to show that he is not the real party in interest is not admissible.

*Monday,
June 17.*

APPEAL from the *Hancock* Circuit Court.

HANNA, J.—*Noel and Noel* made an assignment to *Staats and another. Burke,* as assignee of various judgment creditors, commenced this proceeding to set aside the assignment of *Noel and Noel* to *Staats.* A demurrer to the complaint was overruled, which presents the first point. The complaint charges that the assignment was made to hinder delay and defraud creditors, and specifies several particulars in which it is averred to be fraudulent. It is also alleged that the *Noels* were indebted to several persons named, in large amounts, specified; that judgments had been theretofore recovered, and assigned by the judgment creditors to *Burke.* The record of neither the judgments, nor assignments thereof, were made part of the complaint; nor were copies filed. It is insisted that for this reason the complaint is fatally defective. We are of opinion that the objection is well taken. It is evident that upon the judgments and assignments, the plaintiff bases his cause of action. He can not show a right to recover in their absence. The cause of action, and the right in him as a party to prosecute it, depends upon said records.

The evidence is not all in the record. The case is here on the ruling on demurrer, and on questions reserved, under the statute: first, upon the sixth instruction given in behalf of the plaintiff; and, second, upon the refusal to give instructions asked by defendants. The instruction given, and excepted to, is as follows:

May Term,
1861.

STAATS
v.
BURKE.

" 6. An authority in a deed of trust, to the assignee, to use the assigned property, carry on the business of the assignment, and work up a large amount of material on hand, would render the deed of trust void. So a secret understanding (is proven to have existed) between the *Noels* and the trustees, at or before the assignment, that the trustees were to carry on the business of the *Noels*, or allow the *Noels* to carry it on, as they did before the assignment, for a considerable length of time, without making the necessary efforts to sell the property and apply it to the payment of debts, is a circumstance from which you may infer fraud."

As the record reads, it is assumed by the Court in the instruction, that certain things are " proven to have existed." It was suggested in consultation that perhaps the Court intended to say, that upon certain facts, "if proven," the law would be, &c. The record shows the case to have been submitted by agreement. We must therefore take the record as we find it, in this particular, for if it was not correct the parties had their remedy. With that view of the instruction, it was for that reason, if for no other, erroneous, assuming as it does that certain facts were proved, instead of leaving the jury to determine as to that point.

*Burke* was introduced as a witness, and testified, in substance, that by a contract with the persons who held the judgments mentioned in the complaint, the same were assigned to him absolutely, but for the purpose of enabling him to prosecute this suit, which was for their benefit, and to the expense of which they were to contribute; whatever should be collected was to be paid to them, and witness was to be paid for his time in attending to said suit; that he gave his notes for the several judgments, at twelve months, but was not to pay them unless he collected, &c.

Upon this, defendants asked instructions, in substance, that *Burke* had not such interest as would enable him to maintain the suit; and that the contract by which he prosecuted the same was illegal, and against public policy. The Court refused the instructions. Was the ruling correct? The evidence as to the interest of *Burke* should not have been received. There was no issue as to who was the owner of the

judgments, nor as to the said *Burke* being the real party in interest. The testimony was therefore irrelevant, and the instructions properly refused.

*Per Curiam.*— The judgment is reversed, with costs. Cause remanded, &c.

*L. Barbour* and *J. D. Howland*, for the appellants.